UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL PARK SERVICE,<br><br>Defendant. | Case No. 1:21-cv-00219-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is a Joint Motion to Expedite Consideration of Defendant's Request to Stay all Deadlines Pending Resolution of Defendant's Motion to Transfer Venue ("Motion to Expedite") by Plaintiff Western Watersheds Project ("WWP") and Defendant National Park Service ("NPS"). Dkt. 10.

Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in their briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons stated herein, the Court will GRANT the Motion to Expedite, and DENY NPS's request for a stay pending resolution of the Court's decision regarding

NNP's Motion to Transfer Venue. NPS shall file its answer, or other responsive pleading, on or before August 31, 2021.

## II. BACKGROUND

On May 20, 2021, WWP filed the instant suit against NPS alleging that NPS failed to timely respond to, or did not properly adjudicate, nine Freedom of Information Act ("FOIA") requests. Dkt. 1. The relevant FOIA requests concern information regarding the management of livestock grazing and associated infrastructure in three units of the National Park System: Capitol Reef National Park, the Glen Canyon National Recreation Area, and the Dinosaur National Monument.[1] NPS responded with a Motion to Transfer Venue under 28 U.S.C. § 1404(a) on June 25, 2021. Dkt. 7. NPS argues the majority of the relevant FOIA requests were designed to acquire documents from the Park Service in preparation for a federal grazing lawsuit that WWP filed in 2019, and which remains pending in the District of Utah. Dkt. 7, at 2. NPS contends that while venue is technically proper in Idaho, venue is more appropriate and convenient in Utah given, among other things, the related federal court litigation already pending in Utah. *Id.*

In addition to seeking a transfer of venue, NPS also asked the Court to stay all deadlines in the case pending resolution of NPS's Motion to Transfer Venue, including a stay of NPS's deadline to file an Answer or otherwise respond to the Complaint under Federal Rule of Civil Procedure 12. Dkt. 7, at 9. In its Response brief, WWP argued a

---

[1] Although none of these units are located in Idaho, WWP resides and maintains its principal place of business in Idaho. Dkt. 8, at 8. Under FOIA, venue is proper in, inter alia, the district in which the complainant resides, or has its principal place of business. 5 U.S.C. § 552(a)(4)(B).

transfer of venue was improper, and also opposed NPS's stay request. The Motion to Transfer Venue became ripe on July 28, 2021, and is pending adjudication by the Court.

On August 6, 2021, the parties filed the instant Motion to Expedite. Although they do not ask the Court to expedite its decision on whether or not to transfer venue to the District of Utah, the parties request expedited resolution of NPS's request to stay all deadlines pending resolution of the venue issue in order to obtain certainty as to how they should proceed.

### III. LEGAL STANDARD

A court "has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). But district courts may not exercise this power if it would result in undue delay. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.2007); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir.1979) ("[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."). Nor may a stay be indefinite in nature. *Dependable Highway*, 498 F.3d at 1066.

Even a limited stay may not issue until the Court weighs competing interests, including: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy and efficiency. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). NPS bears the burden of proving that a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

# IV. ANALYSIS

In its entirety, NPS's cursory request for a stay states:

> Defendant NPS intends to defend this FOIA suit as necessary in this or any other forum. However, in the interests of justice and pursuant to Fed. R. Civ. P. 1, Defendant NPS requests that the Court stay all pending deadlines in this case, including Defendant's deadline to respond to the Complaint under Fed. R. Civ. P. 12, until after the Court resolves this motion to transfer. It makes little sense to force Defendant NPS to mount a defense in the District of Idaho when in the interests of justice, the case should be transferred to Utah.

Dkt. 7, at 10. WWP responds that it will be prejudiced by further delay because WWP has already been waiting over two and a half years for the records responsive to several of the requests at issue in this suit. Dkt. 8, at 19. The Court must agree.[2]

"FOIA represents a congressional mandate for full agency disclosure unless information falls within a clearly delineated statutory exemption. One of its core purposes is to keep the citizenry 'informed about what their government is up to,' a vital hallmark of a functioning democracy." *Am. Civil Liberties Union of Wash. v. U.S. Dep't of Homeland Sec.*, No. 17-cv-562-RSL, 2017 WL 2437607, at *1 (W.D. Wash. 2017) (quoting *U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994)). With respect to some of the FOIA requests at issue in this suit, both WPS and the public's right to know what the government is doing has already been delayed for more than two years. Forcing WWP to wait for a responsive pleading—much less than for responsive documents—would be unduly prejudicial. Further, given its heavy civil caseload and

---

[2] However, it should be noted that this long delay was not caused by the Court or this action itself. The Complaint here was filed a mere three months ago on May 20, 2021. Dkt. 1.

MEMORANDUM DECISION AND ORDER - 4

upcoming criminal trials, this Court is unable to predict when it will decide the venue issue. As such, a stay would be indefinite and would unduly prejudice WWP.

NPS will also not be subject to hardship or inequity if the stay request is denied. While NPS suggests in its reply brief that a stay is warranted so the "Government can respond in the more convenient transferee forum if the motion is granted," NPS's answer or responsive pleading should be substantially similar—if not identical—regardless of whether this case is ultimately adjudicated in the District of Idaho or in the District of Utah. Dkt. 9, at 7. NPS will also be required to confer with counsel regarding case management procedures and deadlines anywhere this case is adjudicated. Forcing them to do so now, rather than when the venue issue is decided, will not prejudice NPS.

Finally, the Court's interest in staying the case at this stage of the litigation is minimal. The procedural and case management orders in this district are standardized and require little judicial involvement. Moreover, the Court, like the parties, has an interest is securing the "speedy" determination of this proceeding. Fed. R. Civ. P. 1. This interest is furthered by denying NPS's stay request so this case can move forward.

## V. ORDER

Now, therefore, IT IS HEREBY ORDERED:

1. The Joint Motion to Expedite Consideration of Defendant's Request to Stay all Deadlines (Dkt. 10) is GRANTED;

2. The Request for a stay all deadlines, particularly to file an Answer, is DENIED;

MEMORANDUM DECISION AND ORDER - 5

3. NPS shall file an answer or other responsive pleading on or before August 31, 2021.[3]

DATED: August 11, 2021

David C. Nye
Chief U.S. District Court Judge

---

[3] Although NPS's responsive pleading was due in June, the Court finds good cause to extend the deadline pursuant to 5 U.S.C. § 552(a)(4)(C) since NPS filed the Motion to Transfer Venue, and requested the stay of all case deadlines, in June. Although a motion to transfer venue does not alter the time period for responding to a complaint, the Court's interest in resolving issues on the merits, rather than on procedural technicalities, supports allowing NPS until the end of this month to respond to WWP's Complaint.

MEMORANDUM DECISION AND ORDER - 6